IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:21-CV-388-FL

| | | |
|---|---|---|
| GARY L. MILES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| CITY OF HENDERSON, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motion to dismiss (DE 9), pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(5),[1] and 12(b)(6); and plaintiff's motion for extension of time to serve process (DE 13). The issues raised have been briefed fully, and the motions are ripe for ruling. For the following reasons, defendant's motion is denied and plaintiff's motion is granted.

## STATEMENT OF THE CASE

The court sets forth as follows the procedural history of this case as it is pertinent to the instant motions. Plaintiff commenced this civil rights and tort action in Vance County Superior Court ("state court"), on October 19, 2020, by filing an application for an order extending time to file complaint. (See DE 1-1 at 3). The state court entered an order that same date extending the time to file a complaint to November 9, 2020, and issuing a summons. (Id. at 1-3).

---

[1] Although defendant references Rule 12(b)(4) in its motion (DE 9 at 1-2), it relies instead upon Rule 12(b)(5) in its memorandum in support of the motion. (Def's Mem. (DE 10 at 1, 6-7). It also argues in its motion and memorandum in support that dismissal is warranted because of "insufficient service of process" and "service of process was insufficient," (DE 9 at 1; DE 10 at 7). Accordingly, the court construes defendant's motion as being based upon Rule 12(b)(5), due to "insufficient service of process," and not Rule 12(b)(4), for "insufficient process."

On November 9, 2020, plaintiff filed the operative complaint in this matter in state court, asserting a claim against defendant under 42 U.S.C. § 1983, for violations of his civil and constitutional rights, as well as common law claims of malicious prosecution and abuse of process. Plaintiff alleges that, on October 19, 2017, he was arrested and charged based on an allegedly false arrest warrant initiated by defendant. (See, e.g., Compl. (DE 1-1 at 15-25) ¶¶ 29, 52).[2] The state court issued an additional summons on November 9, 2020, as well as a "delayed service of complaint" form. (DE 1-1 at 5-7).

The state court subsequently issued an "alias and pluries summons" on January 8, 2021, (id. at 9-10), and again on April 1, 2020, and June 18, 2021, (id. at 11-14). According to defendant, it was "purportedly served . . . by certified U.S. Mail on August 24, 2021," with the complaint and all the aforementioned summonses. (Notice of Removal (DE 1-2) ¶ 1).

Defendant filed a notice of removal in this court on September 23, 2021, on the basis of federal question jurisdiction under 28 U.S.C. § 1331. Defendant thereafter filed the instant motion to dismiss, asserting that plaintiff failed to sufficiently serve defendant before the latest summons had expired, and that any re-filed complaint would be time barred. Plaintiff responded in opposition and filed the instant motion for extension of time to serve process, on December 22, 2021.

**COURT'S DISCUSSION**

A.    Standard of Review

Rule 12(b)(2) provides for dismissal for "lack of personal jurisdiction." "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service

---

[2] Where the issues raised by the instant motions concern service of process and statute of limitations, additional factual allegations in the complaint are not pertinent to the instant motions, and the court limits its summary of the facts to those stated above in the text.

of summons must be satisfied." Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co., 484 U.S. 97, 104 (1987). Rule 12(b)(5) also provides for dismissal due to "insufficient service of process."

"To survive a motion to dismiss" under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009).[3]

B. Analysis

Where a case is removed to federal court, a plaintiff may be afforded additional time to complete service, under 28 U.S.C. § 1448, which provides:

> In all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court.

28 U.S.C. § 1448. Under Rule 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). "But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Id.

---

[3] Internal citations and quotation marks are omitted from all citations unless otherwise specified.

3

Accordingly, upon removal to federal court, if "original service of process was defective," a plaintiff "is entitled to the opportunity to cure the defect in federal court post-removal" within the time periods set forth in Rule 4(m). Rice v. Alpha Sec., Inc., 556 F. App'x 257, 261 (4th Cir. 2014); see, e.g., Patten v. HCL Am., Inc., No. 5:16-CV-47-FL, 2016 WL 1267165, at *2 (E.D.N.C. Mar. 31, 2016) ("Because service had not been perfected at the time of removal, plaintiff was provided an additional 90 days in which to serve process on defendants . . . [and] [t]hat 90-day service window began on the date of removal."). Furthermore, under Rule 4(m), a district court may "exercise its discretion to extend the time for serving" a defendant "even though good cause [is] not shown." Gelin v. Shuman, 35 F.4th 212, 215 (4th Cir. 2022).

The court finds that an extension of time for service under Rule 4(m) is appropriate based upon the circumstances of this case. Defendant contends that service made upon it via certified mail received August 24, 2021, was seven days late, because the latest summons issued by the state court expired on August 17, 2021. (Def's Mem. (DE 10) at 9). Plaintiff admits that service was delayed, but contends that the delay should be excused by a medical emergency, at a critical juncture, in the office of plaintiff's counsel. (Pl's Mot. (DE 13) at 2). In particular, attorney "Robert Lane, co-founding partner" of the office "suffered a major heart attack," that left him "intubated in a comatose state for over a month," requiring the "remaining attorneys available . . . left to handle Attorney Lane's upcoming matters," which "cause an unintentional delay in service" of the latest summons in this case. (Id.). In addition, after removal, plaintiff filed the instant motion for extension of time to serve process, on December 22, 2021, which is within the 90 day time for service under Rule 4(m).

Accordingly, the court in its discretion extends the time in which "service may be completed or new process issued in the same manner as in cases originally filed in [this] district

4

court." 28 U.S.C. § 1448. Plaintiff is allowed an extension of time of 30 days from the date of this order to serve defendant. Therefore, that part of defendant's motion seeking dismissal for lack of personal jurisdiction and for insufficient service is denied, and plaintiff's motion for extension of time to serve process is granted.

Defendant nonetheless argues that dismissal is required, under Rule 12(b)(6), because the statute of limitations had run in state court prior to removal due to defects in service, and that it cannot be revived by operation of § 1448. (Def's Mem. at 11). Although the United States Court of Appeals for the Fourth Circuit has not addressed this issue in a published opinion, it has recognized in an unpublished opinion that a service extension does not prevent dismissal of a case that "'would have been dismissed as time-barred had it remained in state court,'" and "a suit that failed to satisfy state procedural obligations cannot be revived by the language of § 1448." Rice, 556 F. App'x at 260 (quoting Marshall v. Warwick, 155 F.3d 1027, 1033 (8th Cir.1998)). According to that rule, "the removal of a case to federal court cannot 'breathe jurisprudential life in federal court to a case legally dead in state court.'" Rice, 556 F. App'x at 260 (quoting Witherow v. Firestone Tire & Rubber Co., 530 F.2d 160, 168 (3d Cir.1976)).

In this case, however, as in Rice, "it is not clear that [plaintiff's] case was in fact 'legally dead'" under state law prior to removal. 556 F. App'x at 260. In considering this issue, the court must look to whether the plaintiff "still had the option" to seek relief that, if successful, would have prevented dismissal of the case as time barred in state court. Id. at 261. If a plaintiff "still had options left in state court to pursue [his] cause of action, the removal of the case to federal court should not change that outcome." Id. Where "state law governs the case's procedure up to its removal," the court turns now to an examination of the service defects in state court and whether plaintiff "still had the option" to seek relief before removal. Id.

5

Subject to one exception discussed further below, plaintiff complied with state procedures for timely commencing his action in state court, and for obtaining successive summonses through the final summons issued on June 18, 2021. In particular, Rule 3 of the North Carolina Rules of Civil Procedure, allows a civil action to be commenced "by the issuance of a summons when . . . [a] person makes application to the court stating the nature and purpose of his action and requesting permission to file his complaint within 20 days," and the court grants the request. N.C. Gen. Stat. § 1A-1, Rule 3(a). Plaintiff's initial filings in state court on October 19, 2020, met these requirements, (DE 1-1 at 1-4), and plaintiff in fact filed his complaint, within 20 days. (See DE 1-1 at 15). The commencement of the action thus fell within the three year statute of limitations for his claims, running from the date of his arrest on October 19, 2017. See Brooks v. City of Winston-Salem, N.C., 85 F.3d 178, 181 (4th Cir. 1996); (see Compl. ¶29).

With respect to extensions of time for service under state law, North Carolina Rule 4(d) provides, in pertinent part, as follows:

> Extension; endorsement, alias and pluries.--When any defendant in a civil action is not served within the time allowed for service, the action may be continued in existence as to such defendant by either of the following methods of extension:
>
> (1) The plaintiff may secure an endorsement upon the original summons for an extension of time within which to complete service of process. . . , or
>
> (2) The plaintiff may sue out an alias or pluries summons returnable in the same manner as the original process. Such alias or pluries summons may be sued out at any time within 90 days after the date of issue of the last preceding summons in the chain of summonses or within 90 days of the last prior endorsement. . . .

N.C. Gen. Stat. § 1A-1, Rule 4(d).

Plaintiff's subsequent filings to extend service in state court complied with the foregoing requirements. In particular, plaintiff obtained an "alias or pluries summons" within 90 days after the original summons issued, (DE 1-1at 9-10), and he obtained two further "alias or pluries

6

summons[es]", on April 1, 2020, and June 18, 2021, again within the 90 day time period provided in the rule. (Id. at 11-14).

Plaintiff departed from the requirements of the North Carolina service rules, after that point, when he failed to serve the latest summons and complaint "within 60 days after the date of the issuance of summons," as required under Rule 4(c). See N.C. Gen. Stat. § 1A-1, Rule 4(c). According to the North Carolina Supreme Court, "a summons not served within the time prescribed is rendered functus officio," or "legally defunct." Lemons v. Old Hickory Council, Boy Scouts of Am., Inc., 322 N.C. 271, 274 (1988). Nevertheless, "by adopting Rule 6(b), the General Assembly has given . . . trial courts authority to breathe new life and effectiveness into such a summons retroactively after it has become functus officio." Id.

In particular, Rule 6(b) provides:

> When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order. Upon motion made after the expiration of the specified period, the judge may permit the act to be done where the failure to act was the result of excusable neglect.

N.C. Gen. Stat. § 1A-1, Rule 6(b). "Rule 6(b) grants . . . trial courts broad authority to extend any time period specified in any of the Rules of Civil Procedure for the doing of any act, after expiration of such specified time, upon a finding of 'excusable neglect.'" Lemons, 322 N.C. at 276 (emphasis added).

Accordingly, in this case, up to the point of removal, plaintiff had the option of seeking an extension of time to serve the June 18, 2021, expired summons, and to "breathe new life and effectiveness into such a summons retroactively after it [had] become functus officio." Id. at 274 (emphasis added). Moreover, plaintiff had good cause to do so on the basis of excusable neglect, where the delay of only seven days in service was attributable to the "medical emergency" of the

7

co-founding partner of the law office representing him. (Pl's Mot. (DE 13) at 2). For purposes of the instant motions, the court need not conclude that the state court necessarily would have granted a retroactive extension to plaintiff, but rather only that plaintiff "still had the option" to seek relief that, if successful, would have prevented dismissal of the case as time barred in state court. Rice, 556 F. App'x at 261.

Defendant argues that, after 90 days had run since issuance of the latest summons, e.g., after September 18, 2021, the state court action was irreversibly "discontinued" and could only be revived by issuance of a new summons resetting the date the action is deemed to have commenced. (Def's Mem. (DE 10) at 10). Accordingly, defendant suggests, by the time the instant action was removed, plaintiff no longer had any option to keep the action alive within the statute of limitations period. Defendant relies, in particular, upon comparison to Dozier v. Crandall, 105 N.C. App. 74, 78 (1992).

Dozier, however, is instructively distinguishable. There, "the alias summons was issued 92 days after the issuance of the preceding summons," and the plaintiff had not attempted service of the preceding summons. 105 N.C. App. at 76. Accordingly, the court held, under Rule 4(e), "the action is discontinued as to any defendant not served within the time allowed and treated as if it had never been filed." Id. at 78. Instead, "the action is deemed to have commenced, as to such a defendant, on the date of the endorsement or the issuance of the [latest] alias or pluries summons." Id.

The instant case is more akin to Lemons than Dozier. In Lemons, initial summons issued February 6, 1986, and an alias summons was issued May 2, 1986. The plaintiff, however, served the alias summons three days late, on June 5, 1986. Lemons, 322 N.C. at 273. On October 13, 1986, over four months after the actual service date of the expired alias summons, "the plaintiff

filed a motion for a retroactive extension of time, nunc pro tunc, from 2 June to 6 June 1986 to serve the 2 May 1986 alias summons." Id. at 273. The court held that the trial court had authority to consider this argument and grant the extension on the basis of excusable neglect. Id. at 277.

A similar result was thus obtainable in the instant action before removal. Even though the time to serve the June 18, 2021, alias summons had passed, in late September 2021, the plaintiff could have still "filed a motion for a retroactive extension of time, nunc pro tunc, from [August 17, 2021, to August 24, 2021], to serve the [June 18, 2021] alias summons." Id. at 273; see Valentine v. Solosko, 270 N.C. App. 812, 818 (2020) (distinguishing Dozier, and affirming grant of extension of time where defendants were in fact served "with dormant summonses within the ninety-day limit prescribed in Rule 4(d)). Thus, Lemons confirms that plaintiff "still had the option" to seek relief that, if successful, would have prevented dismissal of the case as time barred in state court. Rice, 556 F. App'x at 261.

Defendant also argues that plaintiff's process was insufficient because the second summons issued on November 9, 2020, did not refer back to the first summons issued on October 19, 2020. Relying upon Robertson v. Price, 187 N.C. App. 180 (2007) and Integon Gen. Ins. Co. v. Martin, 127 N.C. App. 440 (1997), defendant contends the second summons had the "double effect of initiating a new action and discontinuing the original one," creating another insurmountable statute of limitations bar. (Def's Reply (DE 16) at 3). This argument is unavailing under the circumstances of this case for multiple reasons.

First, defendant raises this argument for the first time in its reply brief, depriving plaintiff of the opportunity to respond. "A party waives an argument by raising it for the first time in its reply brief." Clendening v. United States, 19 F.4th 421, 431 n. 7 (4th Cir. 2021). The instant argument not only was absent from defendant's motion and brief, but also it raises a new

9

"insufficient process" basis for dismissal, falling under Rule 12(b)(4), rather than the "insufficient service of process" basis raised initially. (See, e.g., Def's Mot. (DE 9) at 1 ("insufficient service of process"); Def's Mem. (DE 10) at 7 (arguing "service of process was insufficient")). Indeed, defendant asserted in its initial brief that plaintiff "could have sought an endorsement, or A&P summons, within 90 days" of the last issued summons on June 18, 2021, without suggesting any error in the form of process up to that point. (Def's Mem. at 10). Therefore, defendant has waived this argument.

In any event, defendant's argument is without merit. Robertson and Integon, upon which defendant relies, are instructively distinguishable. In Robertson, the plaintiff commenced an action on March 14, 2006, with issuance of a summons and order extending time to file complaint, and a second summons issued on April 3, 2006, which did not "refer back to" the March 14, 2006 summons. 187 N.C. App. at 183. On June 12, 2006, the plaintiff caused additional summonses to be issued, designated as alias and pluries summonses. Critically, however, those summonses referred to the second, April 3, 2006, summons as the "Date Last Summons Issued," not to the original summons. Id. Similarly, in Integon, "none of the succeeding summonses on their face refer[red] to the original summons." 490 S.E. 2d at 244.[4]

In the instant case, by contrast, each of plaintiff's "alias and pluries summons[es]" referred back to the original, October 19, 2020, summons. (DE 1-1 at 9, 11, 13). Thus, because the January 8, 2021 alias and pluries summons refers back to the original summons, and because it was filed within 90 days of the original summons, the validity of the second summons is not determinative. See Mintz v. Frink, 217 N.C. 101, 6 S.E.2d 804, 807 (1940) (holding that in the case of "service of [a second] summons being invalid and an alias as required by statute not having been issued,

---

[4] Where a pincite is not available for the "N.C. App." reporter, the court refers instead to the "S.E.2d reporter" for this North Carolina Court of Appeals case.

10

nothing else appearing, the action was discontinued at the expiration of ninety days next after the issuance of the original summons") (emphasis added).

In addition, and in the alternative, to the extent the error in the second summons had an impact on the chain of summonses, plaintiff had an option in state court to move to amend the erroneous second summons. "<u>At any time, before or after judgment</u>, in its discretion and upon such terms as it deems just, the court may allow any process . . . to be amended unless it clearly appears that material prejudice would result to substantial rights of the party against whom the process issued." N.C. Gen. Stat. § 1A-1 Rule 4(i) (emphasis added); <u>see, e.g.,</u> <u>Hazelwood v. Bailey</u>, 339 N.C. 578, 580, 587 (1995) (remanding for trial court to exercise discretion in considering whether to amend, seven months after service, an "incorrect designation of the county on the civil summons form"). Indeed, in <u>Integon</u>, upon which defendant relies, the North Carolina Court of Appeals noted "[i]t is within the discretion of the trial court to extend plaintiff's time to amend a defective summons." 490 S.E.2d at 244. In that case, "[t]he trial court exercised its discretion by refusing to extend plaintiff's time to amend the defective summons under N.C. Gen.Stat. § 1A–1 Rule 6(b)." <u>Id.</u> Here, where plaintiff had complied with the statute in causing alias and pluries summonses to issue with reference to the original summons, plaintiff would have additional arguments in favor of amendment. In any event, for purposes of the instant analysis, it suffices that plaintiff "still had options left in state court to" seek relief to amend the second summons, if it was in fact pertinent to the chain of summonses as defendant now contends. <u>Rice</u>, 556 F. App'x at 261.

In sum, defendant has not demonstrated that plaintiff's action "'would have been dismissed as time-barred had it remained in state court,'" or that it "was in fact 'legally dead'" in state court prior to removal. <u>Rice</u>, 556 F. App'x at 260 (quoting <u>Marshall</u>, 155 F.3d at 1033; <u>Witherow</u>, 530

11

Case 5:21-cv-00388-FL   Document 17   Filed 06/30/22   Page 11 of 12

F.2d at 168). Therefore, dismissal under Rule 12(b)(6) on statute of limitations grounds is not warranted.

Finally, defendant argues that, even if plaintiff had 90 days to serve defendant after removal, plaintiff failed so to do, and plaintiff "has not shown excusable neglect or good cause for waiting until December 22, 2021, to address the defects in process and service in any fashion." (Def's Reply at 10). Defendant also contends that it would be "materially prejudiced in being forced to defend a lawsuit which otherwise would have expired." (Id.). Plaintiff, however, is not required to demonstrate excusable neglect or good cause to obtain an extension of time for service under Rule 4(m). See Gelin, 35 F.4th at 215. Likewise, for the reasons stated herein, defendant's premise that this action is time barred is without merit. Considering the totality of the circumstances in this case, where plaintiff sought an extension of time to serve defendant in response to defendant's motion to dismiss, within 90 days of removal, the court finds in its discretion that an extension of time to serve process is warranted. See, e.g., Rice, 556 F.App'x at 262 (remanding with instructions to allow the plaintiff "120 days to serve process in accordance with the dictates of 28 U.S.C. § 1448" and Rule 4(m)).

## CONCLUSION

Based on the foregoing, defendant's motion to dismiss (DE 9) is DENIED. Plaintiff's motion for extension of time to serve process (DE 13) is GRANTED. Plaintiff is allowed an extension of time of 30 days from the date of this order, under Rule 4(m), to serve defendant.

SO ORDERED, this the 30th day of June, 2022.

_____
LOUISE W. FLANAGAN
United States District Judge